FILED

1  NICOLA T. HANNA
   United States Attorney
2  BRANDON D. FOX
   Assistant United States Attorney
3  Chief, Criminal Division
   BENJAMIN R. BARRON
4  Assistant United States Attorney
   Chief, Santa Ana Branch Office
5  JENNIFER WAIER (Cal. Bar No. 209813)
   Assistant United States Attorney
6      Ronald Reagan Federal Bldg. & U.S. Courthouse
       411 West 4th Street, Suite 8000
7      Santa Ana, California 92701
       Telephone: (714) 338-3538
8      Facsimile: (714) 338-3708
       E-mail:   Jennifer.Waier@usdoj.gov
9

10 Attorneys for Plaintiff
   UNITED STATES OF AMERICA
11

12              UNITED STATES DISTRICT COURT

13          FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 UNITED STATES OF AMERICA,        Case No. SACR20-00034-JLS

15              Plaintiff,          PLEA AGREEMENT FOR DEFENDANT
                                    MICHAEL HUNG LEE
16              v.

17 MICHAEL HUNG LEE,

18

19              Defendant.

20

21

22     1.    This constitutes the plea agreement between MICHAEL HUNG

23 LEE ("defendant") and the United States Attorney's Office for the

24 Central District of California (the "USAO") in the above-captioned

25 case.   This agreement is limited to the USAO and cannot bind any

26 other federal, state, local, or foreign prosecuting, enforcement,

27 administrative, or regulatory authorities.

28

### DEFENDANT'S OBLIGATIONS

2.  Defendant agrees to:

a.  Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one-count information, which charges defendant with Conspiracy to Aid and Assist in the Preparation of False Tax Returns, in violation of 18 U.S.C. § 371.

b.  Not contest facts agreed to in this agreement.

c.  Abide by all agreements regarding sentencing contained in this agreement.

d.  Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.  Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.  Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g.  Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h.  Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. Defendant stipulates that the current, applicable amount of restitution is approximately $4,917,035.76.  Prior to sentencing, defendant may present any evidence to the Internal Revenue Service

2

1  ("IRS") and USAO of any payments made to the IRS for purposes of
2  restitution; however, the determination of the exact amount of
3  restitution rests in the exclusive judgment of the IRS and USAO.

4        i.   Defendant agrees that restitution is due and payable
5  immediately after the judgment is entered and is subject to immediate
6  enforcement, in full, by the United States. If the Court imposes a
7  schedule of payments, defendant agrees that the schedule of payments
8  is a schedule of the minimum payment due, and that the payment
9  schedule does not prohibit or limit the methods by which the United
10 States may immediately enforce the judgment in full.  The IRS will
11 use the amount of restitution ordered as the basis for a civil
12 assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the
13 right to challenge the amount of this restitution-based assessment.
14 See 26 U.S.C. § 6201(a)(4)(C).  Neither the existence of a
15 restitution payment schedule nor defendant's timely payment of
16 restitution according to that schedule will preclude the IRS from
17 immediately collecting the full amount of the restitution-based
18 assessment.

19       j.   Defendant agrees to send all payments made pursuant to
20 the court's restitution order to the Clerk of the Court.

21       k.   A binding civil injunction pursuant to 26 U.S.C.
22 §§ 7402 and 7407, if asked to do so by the Tax Division of the
23 Department of Justice, barring defendant for life from aiding or
24 assisting in the preparation of federal income tax returns for anyone
25 other than himself and his legal spouse, and barring him from
26 representing persons before the IRS.  Defendant understands that the
27 United States may file a civil complaint against him seeking this
28 relief, and defendant agrees to consent to a permanent injunction.

1   1. Defendant gives up any and all objections that could

2 be asserted to the Examination Division of the IRS receiving

3 materials or information obtained during the criminal investigation

4 of this matter, including materials and information obtained through

5 grand jury subpoenas.

6        **THE USAO'S OBLIGATIONS**

7   3. The USAO agrees to:

8    a. Not contest facts agreed to in this agreement.

9    b. Abide by all agreements regarding sentencing contained

10 in this agreement.

11    c. At the time of sentencing, provided that defendant

12 demonstrates an acceptance of responsibility for the offense up to

13 and including the time of sentencing, recommend a two-level reduction

14 in the applicable Sentencing Guidelines offense level, pursuant to

15 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

16 additional one-level reduction if available under that section.

17    d. Recommend that defendant be sentenced to a term of

18 imprisonment no higher than the low end of the applicable Sentencing

19 Guidelines range, provided that the offense level used by the Court

20 to determine that range is 23 or higher, and provided that the Court

21 does not depart downward in offense level or criminal history

22 category. For purposes of this agreement, the low end of the

23 Sentencing Guidelines range is that defined by the Sentencing Table

24 in U.S.S.G. Chapter 5, Part A.

25        **NATURE OF THE OFFENSE**

26  4. Defendant understands that for defendant to be guilty of

27 the crime charged in the single count information, that is,

28 Conspiracy to Aid and Assist in the Preparation of False Tax Returns,

in violation of 18 U.S.C. 371, the following must be true: (1) there was an agreement between two or more persons to file false tax returns; (2) defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and (3) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

5. Defendant understands that for defendant to be guilty of Aiding and Assisting in the Preparation of False Tax Returns in violation of 26 U.S.C. § 7206(2), the following must be true: (a) defendant caused, aided, assisted, advised, procured, or counseled his taxpayer-clients in the preparation of income tax returns that were false or fraudulent; (b) the income tax returns were false or fraudulent as to material matters necessary to a determination of whether income tax was owed; and (c) defendant acted willfully.

## PENALTIES AND RESTITUTION

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 371, is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; a mandatory special assessment of $100; and the costs of prosecution.

7. Defendant understands and agrees that the Court: (a) may order defendant to pay restitution in the form of any additional taxes, interest, and penalties that defendant owes to the United States based upon the counts of conviction and any relevant conduct and (b) must order defendant to pay the costs of prosecution, which may be in addition to the statutory maximum fine stated above.

1    8.    Defendant understands that supervised release is a period
2    of time following imprisonment during which defendant will be subject
3    to various restrictions and requirements.  Defendant understands that
4    if defendant violates one or more of the conditions of any supervised
5    release imposed, defendant may be returned to prison for all or part
6    of the term of supervised release authorized by statute for the
7    offense that resulted in the term of supervised release, which could
8    result in defendant serving a total term of imprisonment greater than
9    the statutory maximum stated above.

10    9.    Defendant understands that, by pleading guilty, defendant
11    may be giving up valuable government benefits and valuable civic
12    rights, such as the right to vote, the right to possess a firearm,
13    the right to hold office, and the right to serve on a jury.
14    Defendant understands that once the Court accepts defendant's guilty
15    plea, it will be a federal felony for defendant to possess a firearm
16    or ammunition.  Defendant understands that the conviction in this
17    case may also subject defendant to various other collateral
18    consequences, including but not limited to revocation of probation,
19    parole, or supervised release in another case and suspension or
20    revocation of a professional license.  Defendant understands that
21    unanticipated collateral consequences will not serve as grounds to
22    withdraw defendant's guilty plea.

23    10.    Defendant understands that, if defendant is not a United
24    States citizen, the felony conviction in this case may subject
25    defendant to: removal, also known as deportation, which may, under
26    some circumstances, be mandatory; denial of citizenship; and denial
27    of admission to the United States in the future.  The Court cannot,
28    and defendant's attorney also may not be able to, advise defendant

1  fully regarding the immigration consequences of the felony conviction
2  in this case.  Defendant understands that unexpected immigration
3  consequences will not serve as grounds to withdraw defendant's guilty
4  plea.

FACTUAL BASIS

6      11.  Defendant admits that defendant is, in fact, guilty of the
7  offense to which defendant is agreeing to plead guilty.  Defendant
8  and the USAO agree to the statement of facts provided below and agree
9  that this statement of facts is sufficient to support defendant's
10  plea of guilty to the charge described in this agreement and to
11  establish the Sentencing Guidelines factors set forth in paragraph 13
12  below but is not meant to be a complete recitation of all facts
13  relevant to the underlying criminal conduct or all facts known to
14  either party that relate to that conduct.

15      From 2014 through 2018, defendant owned and operated 1040 US Tax
16  Center, a tax preparation business located in Garden Grove,
17  California.  During that time, defendant was an enrolled agent with
18  the Internal Revenue Service.

19      Beginning in or around 2014, and continuing through at least
20  March 2018, defendant knowingly participated in a conspiracy with
21  A.V. and others whereby they fraudulently filed tax returns on behalf
22  of their taxpayer-clients to obtain false refunds from the Internal
23  Revenue Service ("IRS").

24      Taxpayers would hire defendant and A.V. to prepare their U.S.
25  Individual Income Tax Return, Forms 1040.  In their returns,
26  defendant and A.V. willfully and fraudulently claimed Schedule D loss
27  that defendant and A.V. knew their taxpayer-clients never approved of
28  or qualified for.  In so doing, defendant and A.V. would reduce the

7

1   taxpayer-clients' listed taxable income.  Defendant and A.V. would
2   then file these fraudulently prepared tax returns on behalf of their
3   taxpayer-clients with the IRS.

4       As a result of defendant's filing false tax returns on behalf of
5   his taxpayer-clients, the U.S. Government incurred a tax loss of at
6   least approximately $4,917,035.76.

7       Specifically, on about April 4, 2014, defendant willfully aided
8   and assisted in, and procured, counseled, and advised the preparation
9   and presentation to the IRS, of a U.S. Individual Income Tax Return,
10  Form 1040, for the tax year 2013 and in the name of K.W., which
11  return was false and fraudulent as to a material matter, in that the
12  tax return falsely claimed a refund, based, in part, upon a false
13  Schedule D loss deduction for $2,998, whereas, as defendant then and
14  there well knew, K.W. was not entitled to claim such a deduction.

15                          SENTENCING FACTORS

16      12.  Defendant understands that in determining defendant's
17  sentence the Court is required to calculate the applicable Sentencing
18  Guidelines range and to consider that range, possible departures
19  under the Sentencing Guidelines, and the other sentencing factors set
20  forth in 18 U.S.C. § 3553(a).  Defendant understands that the
21  Sentencing Guidelines are advisory only, that defendant cannot have
22  any expectation of receiving a sentence within the calculated
23  Sentencing Guidelines range, and that after considering the
24  Sentencing Guidelines and the other § 3553(a) factors, the Court will
25  be free to exercise its discretion to impose any sentence it finds
26  appropriate up to the maximum set by statute for the crimes of
27  conviction.

28

1    13.   Defendant and the USAO agree to the following applicable
2  Sentencing Guidelines factors:

3
     Base Offense Level:        24    [U.S.S.G. §§ 2T1.4(a)(1),
4                                      2T4.1(J)]

5    In the Tax Business:       +2    [U.S.S.G. § 2T1.4(b)(1)(B)]

6
7  Defendant and the USAO reserve the right to argue that additional
8  specific offense characteristics, adjustments, and departures under
9  the Sentencing Guidelines are appropriate.

10    14.   Defendant understands that there is no agreement as to
11  defendant's criminal history or criminal history category.

12    15.   Defendant and the USAO reserve the right to argue for a
13  sentence outside the sentencing range established by the Sentencing
14  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
15  (a)(2), (a)(3), (a)(6), and (a)(7).

16                  WAIVER OF CONSTITUTIONAL RIGHTS

17    16.   Defendant understands that by pleading guilty, defendant
18  gives up the following rights:

19         a.   The right to persist in his plea of not guilty.

20         b.   The right to a speedy and public trial by jury.

21         c.   The right to be represented by counsel -- and if
22  necessary have the Court appoint counsel -- at trial.  Defendant
23  understands, however, that defendant retains the right to be
24  represented by counsel -- and if necessary have the Court appoint
25  counsel -- at every other stage of the proceeding.

26         d.   The right to be presumed innocent and to have the
27  burden of proof placed on the government to prove defendant guilty
28  beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

17.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18.   Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the range corresponding to an offense level of 23 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment

10

1  imposed by the Court; (c) the fine imposed by the Court, provided it
2  is within the statutory maximum; (d) to the extent permitted by law,
3  the constitutionality or legality of defendant's sentence, provided
4  it is within the statutory maximum; (e) the amount and terms of any
5  restitution order, provided it requires payment of no more than
6  $4,917,035.76; (f) the term of probation or supervised release
7  imposed by the Court, provided it is within the statutory maximum;
8  and (g) any of the following conditions of probation or supervised
9  release imposed by the Court: the conditions set forth in General
10 Order 18-10 of this Court; the drug testing conditions mandated by 18
11 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use
12 conditions authorized by 18 U.S.C. § 3563(b)(7).

13     19.  The USAO agrees that, provided (a) all portions of the
14 sentence are at or below the statutory maximum specified above and
15 (b) the Court imposes a term of imprisonment within or above the
16 range corresponding to an offense level of 23 and the criminal
17 history category calculated by the Court, the USAO gives up its right
18 to appeal any portion of the sentence, with the exception that the
19 USAO reserves the right to appeal the following: the amount of
20 restitution ordered if that amount is less than $4,917,035.76.

21                    RESULT OF WITHDRAWAL OF GUILTY PLEA

22     20.  Defendant agrees that if, after entering a guilty plea
23 pursuant to this agreement, defendant seeks to withdraw and succeeds
24 in withdrawing defendant's guilty plea on any basis other than a
25 claim and finding that entry into this plea agreement was
26 involuntary, then (a) the USAO will be relieved of all of its
27 obligations under this agreement; and (b) should the USAO choose to
28 pursue any charge or any civil, administrative, or regulatory action

                                    11

1  that not filed as a result of this agreement, then (i) any applicable
2  statute of limitations will be tolled between the date of defendant's
3  signing of this agreement and the filing commencing any such action;
4  and (ii) defendant waives and gives up all defenses based on the
5  statute of limitations, any claim of pre-indictment delay, or any
6  speedy trial claim with respect to any such action, except to the
7  extent that such defenses existed as of the date of defendant's
8  signing this agreement.

9  ### EFFECTIVE DATE OF AGREEMENT

10  21.  This agreement is effective upon signature and execution of
11  all required certifications by defendant, defendant's counsel, and an
12  Assistant United States Attorney.

13  22.  This agreement is also subject to approval by the United
14  States Department of Justice Tax Division.

15  ### BREACH OF AGREEMENT

16  23.  Defendant agrees that if defendant, at any time after the
17  signature of this agreement and execution of all required
18  certifications by defendant, defendant's counsel, and an Assistant
19  United States Attorney, knowingly violates or fails to perform any of
20  defendant's obligations under this agreement ("a breach"), the USAO
21  may declare this agreement breached.  All of defendant's obligations
22  are material, a single breach of this agreement is sufficient for the
23  USAO to declare a breach, and defendant shall not be deemed to have
24  cured a breach without the express agreement of the USAO in writing.
25  If the USAO declares this agreement breached, and the Court finds
26  such a breach to have occurred, then: (a) if defendant has previously
27  entered a guilty plea pursuant to this agreement, defendant will not

28

be able to withdraw the guilty plea; and (b) the USAO will be relieved of all its obligations under this agreement.

24. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

13

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

OFFICE NOT PARTIES

25.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to

1   fulfill all defendant's obligations under this agreement.   Defendant

2   understands that no one -- not the prosecutor, defendant's attorney,

3   or the Court -- can make a binding prediction or promise regarding

4   the sentence defendant will receive, except that it will be within

5   the statutory maximum.

6                         NO ADDITIONAL AGREEMENTS

7        28.  Defendant understands that, except as set forth herein,

8   there are no promises, understandings, or agreements between the USAO

9   and defendant or defendant's attorney, and that no additional

10  promise, understanding, or agreement may be entered into unless in a

11  writing signed by all parties or on the record in court.

12           PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

13       29.  The parties agree that this agreement will be considered

14  part of the record of defendant's guilty plea hearing as if the

15  entire agreement had been read into the record of the proceeding.

16  AGREED AND ACCEPTED
    UNITED STATES ATTORNEY'S OFFICE
17  FOR THE CENTRAL DISTRICT OF
    CALIFORNIA
18
    NICOLA T. HANNA
19  United States Attorney

20

21  JENNIFER L. WAIER                          Date  2/20/20
    Assistant United States Attorney

22

23                                             Date  2/21/2020
    MICHAEL HUNG LEE
24  Defendant

25

26  GARY M. SLAVETT                            Date  2/21/2020
    Attorney for Defendant
27  MICHAEL HUNG LEE

28

                                15

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     Date _Feb 21st 2020_
MICHAEL HUNG LEE
Defendant

16

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am MICHAEL HUNG LEE's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

GARY M. SLAVETT
Attorney for Defendant
MICHAEL HUNG LEE

2/21/2020
Date